# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant, <br> and <br><br> NORTHWEST PULP & PAPER ASS'N, et al. <br><br> Defendant-Intervenors | No. C14-196 RSM <br><br> STIPULATED ORDER OF DISMISSAL |

**WHEREAS,** Northwest Environmental Advocates ("Plaintiff") filed the above-entitled lawsuit against the U.S. Environmental Protection Agency ("EPA") on February 10, 2014, and a First Amended Complaint on September 1, 2015 (Dkt. 54);

**WHEREAS**, the State of Washington Department of Ecology ("Washington") intervened in this action on March 30, 2015 (Dkt. 38);

**WHEREAS**, Plaintiff's First Amended Complaint asserts that certain EPA decisions, dated February 11, 2008, and May 14, 2008, approving and making other determinations under 33 U.S.C. § 1313(c) regarding Washington's submissions of specific changes to its water quality standards, were inconsistent with the federal water quality standards regulations and the Clean

Water Act ("CWA"), were arbitrary, capricious and otherwise contrary to law, or were made without the requisite consultations under section 7 of the Endangered Species Act ("ESA"); that EPA failed to reinitiate consultation under section 7 of the ESA with respect to certain decisions made on February 11, 2008; and furthermore that EPA has failed to act on certain water quality standards submitted by Washington in 2003 and 2006;

**WHEREAS**, Plaintiff, EPA, and Washington (collectively referred to as "the Parties") have agreed to resolve certain counts contained in the First Amended Complaint in the above-captioned case; and

**WHEREAS**, the Parties and their respective counsel consent and enter into this Stipulated Order of Partial Dismissal ("Stipulated Dismissal") to resolve the First and Second Claims for Relief, as well as parts of the Third and Fourth Claims for Relief, raised in the First Amended Complaint without trial, adjudication, or admission of any issue of fact or law with respect to Plaintiff's claims and allegations and without admission of any fact, allegations, or legal argument contained in Plaintiff's First Amended Complaint in this action.

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

1. Within three years of the Court's entry of this Stipulated Dismissal, EPA will complete an effects determination pursuant to 50 C.F.R. § 402.14(a) for its approval of Washington's December 8, 2006 submission of revisions to the State's ammonia criteria and, as appropriate, request initiation of any necessary ESA section 7 consultation with the U.S. Fish and Wildlife Service and/or the National Marine Fisheries Service. Provided, however, that if Washington submits revisions to the ammonia criteria for EPA's review pursuant to CWA section 303(c) and EPA proposes to approve such revisions, then EPA will instead, within one year of such submission or within three years of the Court's approval of this Stipulated Dismissal, whichever date is later, complete an effects determination for its proposed approval of Washington's submission of revised ammonia criteria (rather than the criteria approved by EPA on February 11, 2008) and will, as appropriate, request initiation of any necessary ESA section 7

consultation with the U.S. Fish and Wildlife Service and/or the National Marine Fisheries Service.

2. Within three years from the effective date of this Stipulated Order, Washington will take the following actions:

a. Washington will propose a change that removes WAC 173-201A-200(1)(c)(ii)(B) and 173-201A-210(1)(c)(ii)(B) from Washington's water quality standards provisions. Washington will issue a final rule no later than one year after its proposed rule;

b. Washington will propose a criterion for fine sediments to protect salmonid redds. Washington will issue a final rule no later than one year after its proposed rule. If the proposed rule is a narrative criterion, Washington will concurrently issue draft guidance regarding how it will interpret and apply its fine sediment criterion, including, but not limited to, its use in establishing Washington's CWA section 303(d) list and, no later than 18 months following issuance of the final rule, issue final guidance; and

c. Washington will propose a change to amend footnote dd to Table 240(3) to state that an adjustment of metals criteria pursuant to footnote dd requires approval by EPA pursuant to 33 U.S.C. § 1313(c). Washington will issue a final rule no later than one year after its proposed rule.

3. Upon entry of this Stipulated Dismissal by the Court, the First and Second Claims alleging ESA violations, as well as the portions of the Third Claim related to WAC 173-201A-200(1)(c)(ii)(B), 173-201A-210(1)(c)(ii)(B), and WAC 173-204, Part V, and the portion of the Fourth Claim related to WAC 173-201A-210(1)(c)(ii), WAC 173-201A-200(1)(e)(i) and WAC 173-201A-210(1)(e)(i) alleging CWA violations, in Plaintiff's First Amended Complaint against EPA, along with the corresponding requests for relief for such claims, are hereby dismissed with prejudice. Notwithstanding the dismissal of these claims, however, the parties hereby stipulate that the Court shall retain jurisdiction to oversee compliance with the terms of this Stipulated Dismissal, modify its terms as described in paragraph 5, and resolve any disputes concerning its

implementation until the obligations in paragraphs 1 and 2 of this Stipulated Dismissal are completed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

    4. Plaintiff also hereby forever releases, discharges, and covenants not to assert against EPA (by way of the commencement of an action, the joinder of EPA in an existing action or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity, that Plaintiff may have had, or may now or hereafter have, against EPA based upon the same transactions or occurrences that are at issue in the First and Second Claims for Relief, and portions of the Third and Fourth Claims for Relief addressed in this Stipulated Dismissal, in the First Amended Complaint. Nothing in this Stipulated Dismissal is intended to waive or affect the claims the Court dismissed from this case in its July 2, 2015 Order, Dkt. 51, or the Third and Fourth Claims for Relief (except as provided in Paragraph 3 above) in the First Amended Complaint. NWEA reserves the right to appeal the Court's July 2, 2015 Order, Dkt. 51. Nothing in this Stipulated Dismissal shall affect Plaintiff's right to challenge EPA's December 18, 2015 decision regarding WAC 173-204, Part V.

    5. The Order entering this Stipulated Dismissal may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that any party seeks to modify the terms of this Stipulated Dismissal or in the event of a dispute arising out of or relating to this Stipulated Dismissal, or in the event that any party believes that another party has failed to comply with any term or condition of this Stipulated Dismissal, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The party raising the dispute shall commence an informal dispute resolution period to be no shorter than 30 days or other reasonable time under the circumstances, by giving written notice to the other party stating the nature of the matter to be resolved and the position of the party asserting the controversy. The Parties agree that they will meet and confer (either telephonically or in-person)

at the earliest possible time during the informal dispute resolution period in a good faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, any party may seek relief from the Court.

      6. In the event that Plaintiff believes that EPA or Washington has failed to comply with a term of this Stipulated Dismissal and has not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Stipulated Dismissal. Plaintiff shall not institute a proceeding for contempt of court or request an order to show cause why EPA or Washington should not be held in contempt unless and until Plaintiff demonstrates in such a request and proceeding that EPA or Washington is in violation of a separate Court Order resolving a motion by Plaintiff to enforce the terms of this Stipulated Dismissal.

      7. Plaintiff reserves any claims for recovery of its attorneys' fees and costs through and including the date the Court approves this Stipulated Dismissal, incurred in connection with the First and Second Claims for Relief in the First Amended Complaint.

      8. Plaintiff reserves the right to seek an award for reasonable attorneys' fees and costs incurred after approval of this Stipulated Dismissal in connection with any disagreement between the Parties concerning the interpretation, proposed modification, or performance of any aspect of this Stipulated Dismissal. By entering this Stipulated Dismissal, EPA does not waive any right to contest fees claimed by Plaintiff, including the hourly rate.

      9. Any notice required or made with respect to this Stipulated Dismissal shall be in writing. Notice shall be deemed to be given and received on the date received by facsimile or e-mail transmission, if such notice is given by facsimile or e-mail transmission to all recipients between 9:00 a.m. and 5:00 p.m. Eastern Standard Time or Eastern Daylight Time, as applicable, on a business weekday. If notice is given by facsimile or e-mail transmission after 5:00 p.m. on a weekday or on a weekend day, notice shall be deemed received on the next business day. For any matter relating to this Stipulated Dismissal, the contact persons are:

For Plaintiff:

Allison LaPlante
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR  97219
(503) 768-6894 (tel)
(503) 768-6671 (fax)
laplante@lclark.edu


For the United States, on behalf of EPA:

Alexander Fidis
Office of Regional Counsel
U.S. Environmental Protection Agency
1200 Sixth Ave, Suite 900
M/S ORC-113
Seattle, WA 98101

Associate General Counsel, Water Law Office
Office of General Counsel, 2355A
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC  20460

John H. Martin
U.S. DEPARTMENT OF JUSTICE
Environmental & Natural Resources Division
Wildlife & Marine Resources Section
999 18th St., South Terrace Suite 370
Denver, CO 80202
Tel: (303) 844-1383
Fax: (303) 844-1350
john.h.martin@usdoj.gov

For Washington:

Ronald Lavigne
Office of the  Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6751
Email: ronaldl@atg.wa.gov

Upon written notice to the other Parties, any party may designate a successor contact person for any matter relating to this Stipulated Dismissal.

10. No provision of this Stipulated Dismissal shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds exceeding those available, take action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take actions in contravention of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, the CWA, 33 U.S.C. §§ 1251 et seq., the ESA, 16 U.S.C. §§ 1531 to 1544, or any other law or regulation, either substantive or procedural.

11. The Parties recognize that the possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the obligations contained in this Stipulated Dismissal. Such situations include, but are not limited to, a government shut-down such as occurred in 1995, 1996, and 2013, or currently unforeseen catastrophic environmental events requiring immediate and/or time-consuming response by EPA. Should a delay occur due to such circumstances, any resulting failure to meet the obligations set forth herein shall not constitute a failure to comply with the terms of this Stipulated Dismissal, and any deadlines occurring within 120 days of the termination of the delay shall be extended one day for each day of the delay, or more if the Parties so agree.

12. Nothing in the terms of this Stipulated Dismissal shall be construed to affect the rights of the United States as against persons not parties to this Stipulated Dismissal, or to limit or modify the discretion accorded to EPA by the CWA, the ESA, the APA, or by any general principles of federal administrative or common law.

13. This Stipulated Dismissal does not impair any right Plaintiff may have to bring a subsequent action challenging any final agency action that may arise from the Stipulated Dismissal. EPA and Washington preserve all defenses to any such challenges.

14. This Stipulated Dismissal was negotiated between the Parties in good faith and was jointly drafted by the Parties. Accordingly, the Parties hereby agree that any and all rules of

construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Stipulated Dismissal.

15. This Stipulated Dismissal shall not constitute or be construed as an admission, precedent, or adjudication of any question of fact or law with respect to any of the claims raised in this matter. Nor is it an admission of violation of any law, rule, regulation, or policy by the United States or EPA.

16. The individuals signing this Stipulated Dismissal on behalf of the Parties hereby certify that they are authorized to bind their respective parties to this Stipulated Dismissal and do agree to the terms herein.

17. This Stipulated Dismissal shall be governed and construed under the laws of the United States.

18. The terms of this Stipulated Dismissal shall become effective upon entry of an Order by the Court approving the Stipulated Dismissal.

19. The continuing jurisdiction of this Court over EPA specified in Paragraph 3 above shall terminate upon EPA's fulfillment of its obligations under Paragraph 1 of this Stipulated Dismissal. The continuing jurisdiction of this Court over Washington specified in Paragraph 3 above shall terminate upon Washington's fulfillment of its obligations under Paragraph 2 of this this Stipulated Dismissal.

20. This Stipulated Dismissal constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the matters addressed in this Stipulated Dismissal. There are no representations, agreements or understandings relating to this Stipulated Dismissal other than those expressly contained in this Stipulated Dismissal.

WHEREFORE, after reviewing the terms and conditions of this Stipulated Dismissal, the Parties hereby consent and agree to the terms and conditions of this Stipulated Dismissal.

IT IS SO STIPULATED.

Dated this 16th day of October, 2018.

| | |
|---|---|
| By: */s/ Kevin Cassidy (by consent 9/13)*<br>Allison LaPlante, OSB # 023614<br>(admitted *pro hac vice*)<br>Kevin Cassidy, OSB # 025296<br>(admitted *pro hac vice*)<br>EARTHRISE LAW CENTER<br>10015 SW Terwilliger Boulevard<br>Portland, OR 97219<br>Tel: (503) 768-6894<br>Fax: (503) 768-6642<br>laplante@lclark.edu<br>cassidy@lclark.edu<br><br>and<br><br>David A. Bricklin, WSBA # 7583<br>Bryan Telegin, WSBA # 46686<br>BRICKLIN & NEWMAN, LLP<br>1001 Fourth Avenue, Suite 3303<br>Seattle, WA 98154<br>Tel: (206) 264-8600<br>Fax: (206) 264-9300<br>bricklin@bnd-law.com<br>telegin@bnd-law.com<br><br>*Attorneys for Plaintiff NWEA*<br><br>ROBERT W. FERGUSON<br>Attorney General<br><br>*s/ Ronald Lavigne (by consent 8/24)*<br>RONALD L. LAVIGNE, WSBA #18550<br>Senior Counsel<br>CHRISTOPHER H. REITZ, WSBA #45566<br>Assistant Attorney General<br>Attorneys for Defendant-Intervenor State of Washington, Department of Ecology<br>P.O. Box 40117<br>Olympia, WA 98504-0117<br>(360) 586-4614 | By: */s/ John H. Martin*<br>John H. Martin<br>U.S. DEPARTMENT OF JUSTICE<br>Environmental & Natural Resources Division<br>Wildlife & Marine Resources Section<br>999 18th St., South Terrace Suite 370<br>Denver, CO 80202<br>Tel: (303) 844-1383<br>Fax: (303) 844-1350<br>john.h.martin@usdoj.gov<br><br>and<br><br>David Kaplan<br>U.S. DEPARTMENT OF JUSTICE<br>Environmental & Natural Resources Division<br>Environmental Defense Section<br>601 D St. NW<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Tel: (202) 514-0997<br>Fax: (202) 514-8865<br>david.kaplan@usdoj.gov<br><br>*Attorneys for Defendant EPA* |

STIPULATED ORDER OF PARTIAL DISMISSAL

No. 2:14-cv-0196-RSM

601 D Street NW
Washington, D.C. 20044-7611
(202) 514-8293

Email: RonaldL@atg.wa.gov
ChrisR@atg.wa.gov

*Attorneys for Intervenor-Defendant
Washington*

IT IS SO ORDERED this 18th day of October 2018.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED ORDER OF PARTIAL DISMISSAL

No. 2:14-cv-0196-RSM

601 D Street NW
Washington, D.C. 20044-7611
(202) 514-8293